UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4655

DAVID VIGIL-MEDINA,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-76)

Submitted: March 14, 2002

Decided: March 26, 2002

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

E. Clarke Dummit, THE DUMMIT LAW FIRM, Winston-Salem,
North Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Arnold L. Husser, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

David Vigil-Medina was convicted for illegally reentering the United States as a removed alien, in violation of 8 U.S.C.A. § 1326(a) (West 1999). Vigil-Medina received an enhanced sentence under § 1326(b)(2) because he was deported in 1990 after a conviction for an aggravated felony; in 1999, Vigil-Medina was convicted by a New York state court of hindering prosecution in the first degree, a class D felony. Finding no error, we affirm his conviction and sentence.

According to 8 U.S.C.A. § 1101(a)(43)(S) (West 1999 & Supp. 2001), the term "aggravated felony" includes offenses relating to obstruction of justice for which the term of imprisonment is at least one year. Vigil-Medina's state conviction was based upon his transporting three individuals whom he knew were being pursued by the police on charges of murder; furthermore, in his plea agreement with the state prosecutor, he admitted to acting with the intent to prevent, hinder, or delay their discovery. Thus, Vigil-Medina's actions clearly obstructed the execution of justice as defined by § 1101, and his 1999 conviction satisfied the elements for his current conviction and sentence under § 1326(b). Accordingly, we affirm Vigil-Medina's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*